# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL GEORGE HADAM, | ) |
|---|---|
| Petitioner, | ) |
| | ) Criminal No. 2:14-cr-00162 |
| v. | ) Civil No. 2:17-cv-00001 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

In a combined change of plea and sentencing hearing held on May 12, 2015, before another member of this Court,[1] Defendant Michael George Hadam ("Hadam") pled guilty to Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced to a term of imprisonment of 100 months followed by fifteen years of supervised release. (ECF No. 59-1 at 10, 37). Thereafter, on January 3, 2017, Hadam filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel. (ECF Nos. 52, 57).[2] The Court denied Hadam's first § 2255 Motion on the grounds that it was filed outside of 28 U.S.C. § 2255(f)'s one-year limitations period, and that the facts of the case did not support an equitable tolling of this period. (ECF No. 61 at 15). The Court also determined that no certificate of appealability would issue, concluding that "reasonable jurists would not debate the denial of Hadam's Motion under § 2255's one-year limitations period." (*Id.*).

---

[1] The Honorable Gustave Diamond, presiding.

[2] Hadam also filed a number of Motions to Amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 54, 57, 60). Collectively, Hadam's initial Motion and these amendments will be referred to as Hadam's "first § 2255 Motion."

Now before the Court is Hadam's *pro se* Motion to Amend his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 71) and an additional *pro se* Motion Pursuant to Rule 60(B)(6) (ECF No. 72). The United States responded in opposition to both Motions (ECF No. 74) and the matter is now ripe for disposition. For the reasons that follow, both Motions will be denied. No certificate of appealability will issue.

I. **BACKGROUND**

The Court laid out the relevant factual background surrounding Hadam's guilty plea and sentencing in detail in its June 30, 2017, Opinion denying Hadam's first § 2255 Motion. (ECF No. 61 at 2–6). To summarize, during both the change of plea portion of the hearing and the sentencing portion of the hearing, on May 12, 2015, the Court engaged Hadam and his counsel in a number of detailed colloquies and Hadam stated under oath that he was satisfied with his counsel's representation. (ECF No. 59-1 at 3, 4–6, 9–10, 12–15, 26–27). The advisory Sentencing Guidelines range for Hadam's offenses was a term of imprisonment between 151 and 188 months. (*Id.* at 37). The Court determined that there was substantial evidence to support a downward variance, and Hadam was sentenced to a term of imprisonment of 100 months followed by fifteen years of supervised release. (*Id.*).

In his first § 2255 Motion, Hadam advanced a number of reasons as to why his attorney, Charles LoPresti, rendered ineffective assistance. (ECF Nos. 57-3 at 1–2; 57-4 at 2–4; 60 at 1–6).[3] The United States responded by arguing that Hadam's Motion was time-barred by 28 U.S.C.

---

[3] These allegations include 1) that LoPresti insisted that Hadam take a plea deal and that the judge would probably give him at most two years in prison; 2) that Hadam set aside money for a Dr. Alan Pass to testify on his behalf at sentencing; 3) that LoPresti refused to subpoena Dr. Pass to testify after being requested by Hadam to do so; 4) that LoPresti failed to object when the government "dismissed the report that Dr. Pass prepared" for Hadam; 5) that LoPresti stated that "no one gets a hearing" regarding their pre-sentence investigation (PSI) report and that LoPresti did not request a hearing for Hadam; 6) that LoPresti did not give discovery materials to Hadam; 7) that LoPresti failed to "look for a computer forensic expert in order to find what material was actually illegal and what material was not;" 8) that LoPresti did not devote sufficient time and attention to Hadam's case because he was working on another criminal matter; 9) that LoPresti refused to turn over case files to Hadam and his sister, Susan White; 10)

§ 2255(f), that LoPresti was not ineffective, and that Hadam failed to demonstrate that he was prejudiced by LoPresti's representation. (ECF No. 59 at 5, 8–19).

Hadam's conviction and sentence became final—and thus the one year limitations began to run—on the date on which the time for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Hadam had fourteen days to file a notice of appeal after his sentencing, Fed. R. App. P. 4(b)(1)(A)(i), and he did not do so. Accordingly, Hadam had to have filed his § 2255 Motion on or before May 26, 2016. His first § 2255 Motion was filed well-after this date, on January 3, 2017, and Hadam did not contend that any of the exceptions to the one-year limitations period set by § 2255(f) applied in his case. Accordingly, unless the limitations period was equitably tolled, all of the claims in Hadam's first § 2255 Motion would be time-barred. In a detailed Opinion laying out the post-conviction correspondence between Hadam, LoPresti, and Susan White (Hadam's sister),[4] the Court determined that Hadam failed to demonstrate that the one-year limitations period set by 28 U.S.C. § 2255(f) should be equitably tolled. (ECF No. 61 at 7–15). Accordingly, the Court denied Hadam's first § 2255 Motions and declined to issue a certificate of appealability. (*Id.* at 15).

Hadam filed a Notice of Appeal with of the Court's Opinion and Order denying his first § 2255 Motion with the Court of Appeals for the Third Circuit. (ECF No. 64). The Third Circuit denied Hadam's request for a certificate of appealability because "reasonable jurists would not

---

that LoPresti lied about Hadam firing him; 11) that LoPresti "did not want to argue any crucial legal issues pertaining to [Hadam's] defense;" 12) that Hadam paid LoPresti "a total sum of $27,000" and only received "baldfaced lies;" 13) LoPresti engaged in "boiler-pressure tactics" to "coerce" Hadam into taking a plea deal; 14) that LoPresti committed "a very crucial legal error when he did not argue a two-point reduction" under the Sentencing Guidelines because of a lack of intent to distribute; 15) that LoPresti did not respect Hadam's wishes to go to trial on the distribution charge; 16) LoPresti refusing to call Hadam's family members as witnesses at the sentencing hearing; 17) that Hadam has been unable to contact LoPresti following the sentencing, and; 18) that LoPresti did not appeal Hadam's sentence despite Hadam requesting him to do so. (ECF Nos. 57-3 at 1–2; 57-4 at 2–4).

[4] Hadam attached a form entitled "Durable Power of Attorney" and purporting to appoint "Susan White or Rebeca Hadam or Mark Hadam" as his Agent and granting them power and responsibility to handle his legal matters. (ECF No. 57-15).

3

dispute the District Court's conclusion that Appellant's 28 U.S.C. § 2255 motion is barred by the one-year statute of limitations." (ECF No. 70 at 1) (citing *Slack v. McDaniel*, 529 U.S. 479, 484 (2000)).

On June 19, 2018, Hadam filed a Motion to Amend his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 71) and a Motion Pursuant to Rule 60(B)(6) (ECF No. 72) (Hadam's "Rule 60(b)(6) Motion"). The United States contends that Hadam's new motions should also be denied on the bases that 1) the Court lacks subject matter jurisdiction because Hadam did not obtain authorization from the Court of Appeals for the Third Circuit to file a second or successive § 2255 motion; 2) both of Hadam's motions are time-barred; and 3) Hadam's claims have already been denied on the merits. (ECF No. 74 at 1).

## II. RULE 60(b)(6) MOTION

A Rule 60(b)(6) motion for relief from the denial of a § 2255 petition may be treated as a successive § 2255 petition. *United States v. Edwards*, 309 F.3d 110, 113 (3d Cir. 2002); *see also id.* at 113 n.1 (noting that a "majority of circuit courts . . . have held that a Rule 60(b) motion to vacate a judgment denying habeas either must or may be treated as a second or successive habeas petition") (quoting *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001)). District courts lack subject matter jurisdiction to hear second or successive § 2255 motions absent authorization from the appropriate Court of Appeals. 28 U.S.C. § 2255(h); *United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009). In order for a Court of Appeals to certify a second or successive § 2255 motion, the latter-filed motion must contain sufficient newly discovered evidence or a retroactively-applied new rule of constitutional law that was previously unavailable. *Id.* §§ 2255(h)(1)–(2). If a second or successive § 2255 motion is filed without authorization from the Court of Appeals, the district court must either dismiss it or transfer the

4

case to the appropriate Court of Appeals. *See Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002) (internal quotations omitted). A case need only be transferred if it would be "in the interests of justice" to do so. *United States v. Solomon*, No. 2:05-cr-0385, 2014 WL 3402010, at *2 (W.D. Pa. July 10, 2014) (citing 28 U.S.C. § 1631). A district court may undertake a limited review of the merits of a case to determine whether the case should be transferred or dismissed outright. *Solomon*, 2014 WL 3402010 at *2.

The Court concludes that Hadam's Rule 60(b)(6) Motion should be treated as a successive § 2255 petition. After acknowledging that his first § 2255 Motion was denied, Hadam states in his Rule 60(b)(6) Motion that he "requests this Honorable Court invoke this Rule 60(B)(6) petition in order that he may be heard on his assertions and claim [sic]," that he made in his already-denied § 2255 motion. (ECF No. 72 at 2–3). Hadam also asserts in his Rule 60(b)(6) Motion that this "matter arises as a result of his attorney's failure to file an appeal with the Court," (*id.* at 1), a contention that was plainly raised in his first § 2255 Motion. (ECF No. 57-4 at 4). Hadam raised no new facts or contentions in his Rule 60(b)(6) Motion,[5] and instead referenced his "then-attorney's (LoPresti's) misconduct" that he raised in his first § 2255 Motion as the basis for relief. (*Id.* at 2). The Court already concluded that Hadam was time-barred from asserting these contentions because the record evidence indicates that Hadam was not diligently pursuing his claims, and thus the one-year limitations period should not be tolled. (ECF No. 61 at 7–15). In form and function, Hadam's Rule 60(b)(6) Motion is an attempt to re-litigate the

---

[5] Hadam attached a number of exhibits to his Rule 60(b)(6) Motion. These included the "Durable Power of Attorney" purporting to authorize Susan White to handle his legal matters, Hadam's initial petition in his first § 2255 Motion, and an Internet article about an unrelated child pornography case. (ECF Nos. 72-1, 72-2, 72-3). These exhibits have all already been filed as part of Hadam's first § 2255 Motion and amendments. (ECF Nos. 54, 57, 60). Moreover, Hadam's inclusion of his original § 2255 Motion petition further supports the conclusion that this Rule 60(b)(6) Motion is, in reality, an attempt to re-litigate the claims already raised and rejected in Hadam's first § 2255 Motion.

arguments asserted in his first § 2255 Motion—and the Court has already decided that such claims are untimely.

Hadam cites to *Peach v. United States*, a Tenth Circuit case that held that a "true" Rule 60(b) motion should not be treated as a second or successive § 2255 motion, in support of his contention that he may invoke Rule 60(b)(6) to be heard on a § 2255 claim that was previously unaddressed by the Court. 468 F.3d 1269, 1271 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). But *Peach* is distinguishable. In *Peach*, the petitioner's Rule 60(b) motion was brought to address a defect in the earlier § 2255 proceeding, namely that the district court neglected to consider one of the claims raised in his § 2255 motion. *Id.* at 1270. The petitioner invoked Rule 60(b) solely to correct this oversight in the court's analysis. Hadam similarly contends that the Court failed to address his contentions in his first § 2255 Motion, but this is not so. The Court *did* consider each of Hadam's contentions, but concluded that he was time-barred under 28 U.S.C. § 2255(f) from bringing them. Hadam raises no arguments that this determination was in error or that there was otherwise a defect in the adjudication of the first § 2255 Motion. The Court also addressed Hadam's arguments in favor of equitably tolling the limitations period in its June 30, 2017, Opinion denying Hadam's first § 2255 Motion and concluded that they were unsupported, and were in fact contradicted, by the correspondence between Hadam, LoPresti, and Susan White following Hadam's sentencing. (ECF No. 61 at 7–15). In essence, Hadam is attempting to circumvent the procedural bar applied to his claims by re-casting the motion as a Rule 60(b)(6) motion. This is inappropriate. Hadam is asserting precisely the same arguments and factual contentions regarding LoPresti's allegedly ineffective assistance, making this another motion to collaterally attack the underlying sentence, and thus properly treated as a successive habeas petition. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d

Cir. 2004); *see also United States v. Donahue*, 733 F. App'x 600, 602–03 (3d Cir. 2018) (applying the same rule in light of *Gonzalez v. Crosby*).

In sum, the Court concludes that this Rule 60(b)(6) will be treated as a successive § 2255 motion. Hadam failed to obtain authorization to file a successive § 2255 motion from the Court of Appeals, as required by 28 U.S.C. § 2244(b)(3), and thus the Court concludes that it lacks jurisdiction to decide Hadam's Rule 60(b)(6) Motion.

Moreover, the Court concludes that the Rule 60(b)(6) Motion will be dismissed rather than transferred pursuant to 28 U.S.C. § 1631. The Third Circuit has already denied Hadam's request for a certificate of appealability stemming from the June 30, 2017, Opinion and Order of this Court denying his first § 2255 Motion. (ECF No. 70). For Hadam's Rule 60(b)(6) Motion, which in reality is a successive § 2255 petition, to be heard by this Court, the Third Circuit must eventually determine that it contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255(h)(1)–(2). If a limited review of the merits of the case reveals "that the case is a sure loser in the court that has jurisdiction," the proper course is for the district court to dismiss the case rather than transfer it. *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999). As stated above, the Motion itself contains no new factual allegations or evidence. The Court also notes that the cases cited by Hadam in his "Memorandum of Law" in support of his Rule 60(b)(6) Motion do not announce a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). In sum, there is nothing in Hadam's Rule 60(b)(6) Motion that would warrant the issuance of a certificate of appealability from the Third Circuit pursuant to 28 U.S.C. § 2255(h). For these reasons, the Court will dismiss the Rule 60(b)(6) Motion for lack of

jurisdiction rather than transfer it pursuant to 28 U.S.C. § 1631. *See Solomon*, 2014 WL 3402010, at *2 (dismissing, rather than transferring, successive § 2255 petitions after determining that the cases cited by the petitioners did not recognize a new constitutional right that was made retroactively applicable to cases on collateral review).

### III. RELATION BACK UNDER RULE 15(c)

Hadam also asks the Court to consider his purported "new claim or defense" under Federal Rule of Civil Procedure 15's "relation back" principle. (ECF No. 72 at 2). "The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). Under Rule 15(c), an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(B). But, such an amendment may "relate back" to the date of the original petition's filing "if and only if the petition was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000).

With these principles in mind, the Court concludes that Hadam's pending Motions remain time-barred pursuant to 28 U.S.C. § 2255(f). The Court has already concluded that Hadam's first § 2255 Motion was not timely filed and that equitable tolling does not apply. As discussed, Hadam's new Motions have not introduced any new evidence, so the conclusion that equitable tolling does not apply remains undisturbed. Because the original § 2255 Motion was not timely filed, this "new" motion cannot "relate back" under Rule 15(c). *See Thomas*, 221 F.3d at 431. And even if this new Motion did "relate back," it would "relate back" to when the

8

original § 2255 Motion was filed—January 3, 2017, at the earliest. As discussed above, this is well after the one-year limitations period to file a § 2255 motion expired on May 26, 2016.

## IV. **CERTIFICATE OF APPEALABILITY**

A petitioner must obtain a certificate of appealability in order to appeal a final order in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability "may issue only upon a substantial showing of the denial of a constitutional right." *Michael v. Horn*, 459 F.3d 411, 418 n.9 (3d Cir. 2006) (citing 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted). When a district court rejects the constitutional claims on procedural grounds, the petitioner must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Horn*, 459 F.3d at 418 n.9 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth above, and for those reasons announced in Court's Opinion of June 30, 2017, at ECF No. 61, the Court concludes that reasonable jurists would not debate the propriety of denying Hadam's motions under § 2255(h)'s prohibition of filing successive § 2255 motions without permission from the Court of Appeals and as being time-barred by § 2255(f)'s one-year limitations period. Therefore, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, Hadam's pending Motions (ECF Nos. 71, 72) are denied. No certificate of appealability will issue.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: November 14, 2018

cc: All counsel of record
Michael George Hadam, via U.S. Mail